UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 17-CR-20445
                                         Honorable Thomas L. Ludington

JOSHUA RICHARD SAKON,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

On September 29, 2017, Defendant Joshua Richard Sakon pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). ECF No. 17. He was sentenced to 140 months imprisonment and five years of supervised release. ECF No. 30. He is currently housed at Federal Correctional Institute, Elkton ("FCI Elkton") in Ohio.

On March 8, 2021, Defendant sent a letter to the Court asking for the appointment of counsel to aid him in preparing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 33.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could

not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is warranted. Indeed, Defendant provides no explanation for his request. While this Court is sensitive to Defendant's desire for legal representation, seeking compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the motion on his own behalf.[1]

Accordingly, it is **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 33, is **DENIED**. Defendant may file a motion for compassionate release on his own behalf.

Dated: March 12, 2021                                       s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney f record herein by electronic means and to **Joshua Richard Sakon** #55728-039, ELKTON FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 10, LISBON, OH 44432  by first class U.S. mail on March 12, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[1] Defendant mentions in the letter that he must write correspondence by hand because, due to COVID-19 protocols at FCI Elkton, he has no access to a typewriter. ECF No. 33 at PageID.174. Defendant may, if necessary, hand-write a motion for compassionate release.